CORNELIUS SULLIVAN *vs.* ISAAC F. SCRIPTURE.

An action of tort to recover damages sustained by reason of being run over by the defendant's horse, which had broken away from the defendant's servants, can only be maintained by proof of a want of ordinary care on the part of the defendant or his servants; and the defendant may introduce in defence evidence of the directions and declarations of one of the servants to the other respecting the care and management of the horse, just before the time of his running away, for the purpose of showing that they were in the use of ordinary care.

TORT to recover damages for an injury sustained by reason of being run over by the defendant's horse.

At the trial in the superior court, it appeared that the plaintiff attended as a spectator the general muster of the Massachusetts Volunteer Militia at Concord in September 1859, and was in the exercise of due care; and that two servants of the defendant, who was a baker, were attending to his business in selling bread, and the horse and wagon were standing near the plaintiff, and the servant who had been driving got off from the wagon, and upon another wagon of the defendant, for the purpose of getting some grain to feed the horse, and while doing so another servant of the defendant, who had the general charge and superintendence of his business at the muster, stood by the horse's head; and a stranger rolled a barrel violently and with great noise near the horse, and frightened him so that he ran and caused the injury complained of. The defendant called the last named servant as a witness, and was allowed to ask him what was said between him and the driver when the latter got off from the wagon. The witness answered

that the driver said, " Stand by my horse a minute," and wanted to know where to feed him, to which the witness replied by telling him to take the horse to the woods to feed.

*Morton,* J. instructed the jury that if they were satisfied that the defendant and his servants at the time of the accident were in the exercise of ordinary care, he was not liable. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*W. P. Webster,* for the plaintiff.

*W. S. Gardner,* for the defendant.

METCALF, J. The plaintiff seeks to recover damages for an injury alleged to have been caused by the negligence of the defendant's servant in the management of a horse connected with a wagon ; and the question at the trial was, whether the servant was guilty of such negligence as rendered the defendant answerable for that injury. The bill of exceptions shows that two servants of the defendant were attending to his proper business, at the time when, and at or near to the place where, the defendant was injured ; that one of them had, then and there, the general charge and superintendence of the defendant's business ; that the other was the driver of the horse and wagon by the movements of which the injury to the plaintiff was caused ; and that there was testimony as to the doings of both of the servants in the management of the horse. Such being the alleged cause of action, and such the negligence which the plaintiff attempted to prove in support of his action, we are of opinion that there is no legal ground of exception to the question which was allowed to be put to one of the servants, nor to the answer thereto which was received in evidence. What each servant directed or advised the other to do with the horse, immediately before the horse ran upon the plaintiff, seems to us to have been competent evidence for the consideration of the jury in deciding the question of the negligence of either of the servants, or of both.

The jury were rightly instructed that the plaintiff could not maintain his action, if the defendant and his servants exercised ordinary care at the time of the accident. An action for negli-

gence cannot be supported without proof of the want of ordinary care by the defendant. The words "ordinary care" have a well known legal meaning, namely, such care as men of common prudence usually exercise in the management of their own concerns. Thus defined or explained — as the words always are, if any explanation is asked — they mean reasonable care, or due care. And what is reasonable or due care depends, in every case, on the subject matter to which the care is to be applied, and the circumstances attending that subject matter at the time when care is required. 1 Hilliard on Torts, (2d ed.) 131, 142. *Rockwood* v. *Wilson,* 11 Cush. 226, 227. *Holly* v. *Boston Gas Light Co.* 8 Gray, 128, 131. *Fletcher* v. *Boston & Maine Railroad,* 1 Allen, 15. *Briggs* v. *Taylor,* 28 Verm. 180.

It was stated, at the argument, that the defendant's horse and wagon, at the time of the injury, were near to a military encampment, and where there was a throng of people. If so, the defendant was bound to use greater care of their movements than the law would have required of him if they had been in a less frequented place. And the jury must have found, under the instruction which they received, that the defendant did exercise such care as was reasonable under the circumstances of the case — such care as was proportioned to the exigence.

*Exceptions overruled.*